UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 09-20611-CIV-/O'SULLIVAN
[CONSENT]

ARIEL RUANO MONTOYA,

    Plaintiff,

vs.

EMERGENCY ICE LLC, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion for Rule 11 Sanctions (DE# 17, 5/4/09).  Having reviewed the motion, the filings, and applicable law, it is

**ORDERED AND ADJUDGED** that the Defendants' Motion for Rule 11 Sanctions (DE# 17, 5/4/09) is **DENIED** as more fully explained below.

## DISCUSSION

Federal Rule of Civil Procedure 11(c)(1)(A) provides in pertinent part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.  Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

The aforementioned portion of Rule 11 defines the condition precedent to the filing of a Motion for Rule 11 Sanctions with the Court.  First, a Motion for Rule 11 Sanctions must be served as required under Rule 5.  Rule 5 requires the movant to include a certificate of service which identifies the document served, the date of service and the manner of delivery.  Second, a Motion for Rule 11 Sanctions shall not be filed with the Court until 21 days after service upon the opposing party.  See Hadges v. Yonkers Racing Corp., 48 F.3d 1320 (2d Cir. 1995).  The certificate of service on the subject motion in the case at bar is dated May 4, 2009.  The motion was also filed on May 4, 2009.  The movants have not satisfied the condition precedent required by Rule 11 to obtain sanctions and the subject motion should be denied.

The defendants have failed to show that they complied with the safe harbor provision of Fed. R. Civ. P. 11(c)(1)(A).  The purpose of the Rule 11(c)(1)(A) safe harbor provision is to allow the alleged offender to withdraw or correct the document challenged by the Motion for Rule 11 Sanctions within the 21 day time frame.  If the document is withdrawn or corrected, the Motion for Rule 11 Sanctions may not be filed with the Court and no sanctions may be imposed.  Cf., e.g., AeroTech, Inc. v. Estes, 110 F.3d 1523 (10th Cir. 1997) (where the offending party dismissed its claim before the Motion for Rule 11 Sanctions was filed, the opposing party was unable to obtain sanctions because the offending party did not have an opportunity to cure offense within time limit provided by safe harbor provision).

In the present case, the movants challenge the initial Complaint in their Motion for Sanctions.  The plaintiff filed an Amended Complaint before the Court ruled on the defendants' motion to dismiss the initial complaint.  Thereafter, the Court denied the

defendants' motion to dismiss as moot and ordered the defendants to file their answer by April 27, 2009. To date, the defendants have failed to file any response to the Amended Complaint. Instead, the defendants' filed the subject motion for sanctions.

In his response, the plaintiff indicated that the movants failed to comply with Local Rule 7.1(A)(3) of this Court, which requires a Certificate of Conferral in the motion. Because the motion for sanctions does not satisfy the condition precedent required by Rule 11, the Defendants' Motion for Rule 11 Sanctions (DE# 17, 5/4/09) is **DENIED.**

**DONE and ORDERED** in chambers at Miami, Florida this **13th** day of May, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record